Lauri S. Thompson (Bar No. 6846)
Laraine Burrell (Bar No. 8771)
Shauna Welsh (Bar No. 11320)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Switch Communications Group LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Switch Communications Group, LLC, a Nevada limited liability company;

Plaintiff,

v.

Dorian Banks, an individual,

Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(1) Cybersquatting under 15 U.S.C. § 1125(d)

(2) Trademark Infringement under 15 U.S.C. § 1114

(3) Unfair Competition under 15 U.S.C. § 1125(a)

(4) Common Law Trademark Infringement

(5) Deceptive Trade Practices under N.R.S. 598.0903, et seq.

(6) Intentional Interference with Prospective Economic Advantage

For its complaint against Defendant, Plaintiff complains and alleges as follows:

**NATURE OF ACTION**

This is an action for trademark infringement and unfair competition under federal statutes, with pendent claims for common law trademark infringement, state deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

/ / /

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the fact that (a) he purchased the domain name <switch.net> which contains the primary trademark for a Nevada business, operating in the State of Nevada; (b) the defendant registered the domain name and then, within two weeks of acquiring the domain name contacted Plaintiff's Nevada office for the sole purpose of trying to sell the domain name to Plaintiff. Defendant knew of Plaintiff's trademark rights in the name SWITCH; (c) Defendant committed tortious acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division of this Court.

## PARTIES

4. Plaintiff Switch Communications Group, LLC ("Switch") is a Nevada limited liability company that is headquartered in Las Vegas, Nevada.

5. Defendant is an individual who, upon information and belief, resides in Vancouver, British Columbia. *See* Whois printout for <www.switch.net> attached hereto as **Exhibit 1**.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Switch is a Las Vegas-based company that builds and operates the world's most powerful data center and technology ecosystems.

7. Switch owns the mark SWITCH and variants thereof, and has obtained federal mark registrations for the SWITCH marks, including but not limited to:

(a) SWITCH COMMUNICATIONS GROUP for providing telecommunications connections to a global computer network and

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

colocation services (U.S. Reg. No. 3,229,168);

(b) SWITCH T-SCIF for providing telecommunications connections to the internet and colocation services (U.S. Reg. No. 3,547,908);

(c) SWITCH WDMD for colocation services (U.S. Reg. No. 3,540,816),

(d) SWITCHNAP for providing telecommunications to the internet and colocation services (U.S. Reg. No. 3,547,909),

(e) SWITCHNAP WORLD for providing telecommunications connections to the internet and colocation services (3,880,400),

(f) SWITCHFORCE, for security guard services, designing security systems for others, security surveillance services, guard night-watch services, alarm center services, mobile and stationary security guard services, alarm rescue services, alarm rescue services; photographic surveillance services, detective agencies; interior decoration consultation, engineering and legal counseling services; development of bar-code systems; computer programming for others; computer software design for others, up-dating and maintenance of computer software (U.S. Reg. No. 3,942,121),

(g) SWITCHSAFE for computer disaster recovery services (U.S. Reg. No. 3,946,128),

(h) SWITCHWORKS for design and installation of computer hardware and software systems for others (U.S. Reg. No. 3,942,079),

(i) SWITCHMOD for colocation facility development services (U.S. Reg. No. 3,984,525),

(j) SWITCH L.D.C. for providing management of building operation systems; computer software and hardware for energy use management, air conditioning and energy usage monitoring and management systems (U.S. Reg. No. 3,984,524), and

(k) SWITCHMACRO-MOD for colocation facility development services

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

(U.S. Reg. No. 3,984,966).

None of these federal trademark registrations has been abandoned, canceled or revoked.

8. Since Switch commenced operations in 2003, it has continuously used SWITCH and related marks in connection with advertising and promoting its services in the United States and around the world. The SWITCH name is well-known and well-respected in the data center industry, and has been covered by CNN Money, Vegas Inc., the Wall Street Journal, and CNBC, among other outlets. Switch has spent millions of dollars to advertise and promote the SWITCH marks in print, broadcast media and on the internet through the Switch website, accessible throughout the United States and around the world at <switchnap.com>. A true and correct copy of the home page for the Switch website is attached hereto as **Exhibit 2** and is incorporated by this reference. In addition, Switch has made extensive use of the SWITCH marks on, among other things, the internet, direct mailings and electronic communications.

9. Based on its federal trademark registrations and extensive use, Switch owns the exclusive right to use SWITCH in connection with telecommunication services, co-locations services, and operating facilities for computers and telecommunication equipment of others.

10. The uniqueness of the SWITCH mark and the extensive advertising and promotion of Switch have resulted in the SWITCH name and mark being distinctive and famous for colocation facility services.

11. On or about October 15, 2011, Defendant registered the <switch.net> Internet domain name ("the Infringing Domain Name") with ENOM423 Incorporated, a registrar for domain names. This domain name is Plaintiff's famous SWITCH trademark.

12. On or about October 31, 2011, Defendant contact Plaintiff's employee and offered to sell Plaintiff the domain name. *See* Declaration of Thomas Morton ("Morton Decl."), filed in support of Plaintiff Switch Communications' Application for Temporary Restraining Order and Motion for Preliminary Injunction, filed concurrently herewith, at ¶ 11.

13. Defendant offered to sell the domain name for approximately $3,700. *See*

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

**Exhibit 1** attached to the Morton Decl.

14. While Plaintiff evaluated the offer to negotiate the purchase of the domain name, Defendant threatened to sell the domain name to another entity if Plaintiff did not hurry and open escrow to buy the domain name. *See* Morton Decl., ¶ 12. By registering the domain name and then immediately offering to sell the domain name to Plaintiff, Defendant was and is attempting to use Plaintiff's trademark in bad faith, for Defendant's own financial benefit.

15. By registering and/or using a domain name containing Plaintiff's trademark(s), Defendant was and is attempting to create an association between the Infringing Domain Name and the Plaintiff's famous trademarks.

16. Plaintiff's marks at issue in this case were distinctive at the time Defendant registered its domain name.

17. Upon information and belief, the Defendant registered the Infringing Domain Name with the bad faith intent to profit from Plaintiff's marks.

18. Upon information and belief, the Defendant has no trademark or other intellectual property rights in the domain name.

19. Upon information and belief, the Defendant had no prior use of the domain name in connection with the bona fide offering of any goods or services.

20. Upon information and belief, the Defendant intended to buy the domain name for the sole purpose of reselling it, or getting buyers with trademark rights in the name to bid against each other for the purchase.

21. Plaintiff's mark, incorporated in Defendant's domain name, is distinctive and famous.

22. Upon information and belief, the Defendant did not believe or have reasonable grounds to believe that he had the right to register the domain name, or that use of the domain name was a fair use or otherwise lawful.

. . .

. . .

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

. . .

**FIRST CLAIM FOR RELIEF**
(Cybersquatting under the
Lanham Act, 15 U.S.C. § 1125(d))

23. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

24. Defendant registered a domain name containing Plaintiff's trademark, and in which he has no valid or lawful right.

25. Defendant contacted Plaintiff with the sole purpose of selling the domain name to Plaintiff. If Plaintiff refused to purchase the domain name, Defendant threatened to sell the domain name to another entity.

26. Defendant's registration of a domain name containing Plaintiff's trademark and in which Defendant has no valid or lawful right is a bad faith registration of the domain name.

27. By offering to sell the domain name to the Plaintiff, or to third parties, Defendant has or had a bad-faith intent to profit from Plaintiff's trademarks.

28. Defendant has registered, trafficked in, and/or used a domain name that is identical or confusingly similar to and/or dilutive of Plaintiff's trademarks, which were distinctive and/or famous at the time of registration of the domain name.

29. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**SECOND CLAIM FOR RELIEF**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

30. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. Defendant is using, or intends to use in commerce, a domain name which contains Plaintiff's trademarks, and, thus is confusingly similar to Plaintiff's names and trademarks.

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

32. Defendant's use in commerce of Plaintiff's marks and/or a mark confusingly similar to Plaintiff's trademarks for Defendant's services through Defendant's use of an Internet domain name constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

33. By using Plaintiff's marks and/or marks confusingly similar to Plaintiff's trademarks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks in Las Vegas, across the United States, and around the world, Defendant intends to cause confusion, cause mistake, or deceive consumers.

34. Defendant's use of a mark identical and/or confusingly similar to Plaintiff's trademarks in connection with the sale, offering for sale or advertising of services, is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

35. Defendant's use or intended use of Plaintiff's marks and/or marks confusingly similar to Plaintiff's trademarks creates a likelihood of confusion among consumers who may falsely believe that Defendant's business is associated with Plaintiff's services or that Plaintiff sponsors or approves of Defendant's services or commercial activities.

36. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill.

**THIRD CLAIM FOR RELIEF**
(Unfair Competition under the
Lanham Act, 15 U.S.C. § 1125(a))

37. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38. Defendant's use or intended use in commerce of marks identical and/or confusingly similar to Plaintiff's trademarks in connection with Defendant's services, and Internet domain name, constitutes a false designation of origin and/or a false or misleading

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

39. Defendant's use in commerce of Plaintiff's marks and/or marks confusingly similar to Plaintiff's trademarks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

40. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

**FOURTH CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

41. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42. By virtue of having used and continuing to use its trademarks, Plaintiff has acquired common law rights in those marks.

43. Defendant's use or intended of a mark identical and/or confusingly similar to Plaintiff's trademarks infringes Plaintiff's common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services, and/or Internet domain name originates from, or is affiliated with, or endorsed by Plaintiff when, in fact, it is not.

44. As a direct and proximate result of Defendant's infringement of Plaintiff's common law trademark rights under Nevada and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**
(Deceptive Trade Practices
under N.R.S. § 598.0915)

45. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Upon information and belief, in the course of conducting its business, Defendant knowingly made false representations as to affiliation, connection and/or association with Plaintiff by using, or intending to use, a mark confusingly similar to Plaintiff's trademarks and otherwise engaged in deceptive trade practices.

47. As the direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer irreparable injury to its business, reputation, and goodwill.

**SIXTH CLAIM FOR RELIEF**
(Intentional Interference with
Prospective Economic Advantage)

48. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

49. Upon information and belief, at the time Defendant adopted and began using Plaintiff's names and marks and since that time, Defendant knew and has known that Plaintiff is in the business of providing telecommunications and colocation services, as well as other related services.

50. Defendant's intent to sell the domain name incorporating Plaintiff's trademark to third parties constitutes intentional conduct by Defendant to interfere with Plaintiff's business and economic advantage.

51. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing these services.

52. Defendant's actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting web users away from Plaintiff's web site.

53. Defendant has no legal right, privilege or justification for his conduct.

54. As a direct and proximate result of Defendant's intentional interference with Plaintiff's prospective economic advantage, Plaintiff has suffered, and will continue to suffer

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

damages and irreparable injury.

55. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, his respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from: (1) using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain name containing Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

B. A preliminary and permanent injunction requiring the current domain name registrar to transfer the <switch.net> domain name to Plaintiff;

C. An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

D. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

E. All other relief to which Plaintiff is entitled.

DATED: November 8, 2011.

GREENBERG TRAURIG, LLP

[signature]

Lauri S. Thompson (Bar No. 6846)
Laraine Burrell (Bar No. 8771)
Shauna Welsh (Bar No. 11320)
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Counsel for Switch Communications Group

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

# EXHIBIT 1

# Better-Whois.com

...SEARCH ALL DOMAIN REGISTRARS

Home page
Link-to-Us
Contact Us

## switch.net is

# Reserved

**Registrar:** ENOM423 INCORPORATED

**Status:** clientTransferProhibited

**Domain options / additional information:** *(Click below to expand)*

**+ if you own this domain...**

**+ if you are trying to register/buy this domain...**

**+ if you are researching this domain...**

**[Querying whois.verisign-grs.com]**
**[whois.verisign-grs.com]Whois Server Version 2.0Domain names in the .com and .net domains can now be registered with many different competing registrars. Go to http://www.internic.net for detailed information. Domain Name: SWITCH.NET**
**Registrar: ENOM423 INCORPORATED**
**Whois Server: whois.enom423.com**
**Referral URL: http://www.enom423.com**
**Name Server: No nameserver**
**Status: clientTransferProhibited**
**Updated Date: 19-oct-2011**
**Creation Date: 15-oct-2011**
**Expiration Date: 15-oct-2012NOTICE: The expiration date displayed in this record is the date the registrar's sponsorship of the domain name registration in the registry is currently set to expire. This date does not necessarily reflect the expiration date of the domain name registrant's agreement with the sponsoring registrar. Users may consult the sponsoring registrar's Whois database to view the registrar's reported date of expiration for this registration.**

Sponsored Link:

Don't let your customers forget you! Aweber can help...
Automate your business and boost sales with this easy to use service.

**Featured Registrar**

Register a domain name with **Register.com** for only $20. Includes:

- Free starter web site
- Free web forwarding
- Free e-mail forwarding
- Free domain locking
- Name portfolio manager
- Dynamic DNS service

**Click here for discounted rate.**

**Domain Registrars**
@Com Technology LLC
000Domains.com
007Names, Inc.
1 eNameCo
123 Easy Domain Names
123 Registration, Inc.
1dni.com
1st Domain.net
4Domains.com
Active ISP ASA
Address Creation
Aitdomains.com
Alice's Registry, Inc.
Alldomains.com, Inc.
America Online, Inc.
Ascio Technologies, Inc.
ATLNTD.com
AWRegistry
BB Online UK Ltd

[Querying whois.enom423.com]
[whois.enom423.com]
=-=-=-=

Domain name: switch.net

Registrant Contact:

Dorian Banks ()

Fax:

1030 W. Georgia Street
Suite 918
Vancouver, British Columbia V6E2Y3
CA

Administrative Contact:

Dorian Banks (dorianbanks@gmail.com)
+1.6043516200
Fax:
1030 W. Georgia Street
Suite 918
Vancouver, British Columbia V6E2Y3
CA

Technical Contact:

Dorian Banks (dorianbanks@gmail.com)
+1.6043516200
Fax:
1030 W. Georgia Street
Suite 918
Vancouver, British Columbia V6E2Y3
CA

Status: Locked

Name Servers:
    dns1.name-services.com
    dns2.name-services.com
    dns3.name-services.com
    dns4.name-services.com
    dns5.name-services.com

Creation date: 15 Oct 2011 11:32:00
Expiration date: 15 Oct 2012 11:32:00


Get Noticed on the Internet! Increase visibility for this domain name by listing it at www.whoisbusinesslistings.com
=-=-=-=
The data in this whois database is provided to you for information
purposes only, that is, to assist you in obtaining information about or
related to a domain name registration record. We make this information
available "as is," and do not guarantee its accuracy. By submitting a
whois query, you agree that you will use this data only for lawful
purposes and that, under no circumstances will you use this data to: (1)
enable high volume, automated, electronic processes that stress or load
this whois database system providing you this information; or (2) allow,
enable, or otherwise support the transmission of mass unsolicited,
commercial advertising or solicitations via direct mail, electronic
mail, or by telephone. The compilation, repackaging, dissemination or
other use of this data is expressly prohibited without prior written
consent from us.

We reserve the right to modify these terms at any time. By submitting this query, you agree to abide by these terms.
Version 6.3 4/3/2002

www. [ ] Search

Searches shared database registry and queries appropriate registrar.

# EXHIBIT 2





NEWSROOM

CONTACT US

AUP

Copyright © 2011, Switch, All Rights Reserved.