Lauri S. Thompson (Bar No. 6846)
Laraine Burrell (Bar No. 8771)
Shauna Welsh (Bar No. 11320)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Switch Communications Group LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Switch Communications Group, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>v.<br><br><br>Dorian Banks, an individual,<br><br>Defendant. | Case No. 2:11-cv-01810-GMN -VCF<br><br>**TEMPORARY RESTRAINING ORDER** |

UPON CONSIDERATION of the Motion filed by Plaintiff Switch Communications Group, LLC. ("Switch" or "Plaintiff"), requesting a temporary restraining order and injunction requiring Defendant Dorian Banks ("Banks" or "Defendant") to immediately cease and desist all use of the <switch.net> domain name ("the infringing Domain Name") and Plaintiff's trademarks and requiring the domain name registrar to lock the domain name at issue and transfer it to Switch Communications, the supporting Memorandum of Points and

Authorities, the supporting Declarations and evidence, the record in this case, and for other good cause shown:

**THE COURT HEREBY FINDS THAT:**

1.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338;

2.   The Court has personal jurisdiction over the Defendant in that Defendant regularly conducts business in the State of Nevada, and Defendant committed tortious acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada;

3.   Switch has made extensive use of the SWITCH Marks for providing telecommunication services, co-locations services, and operating facilities for computers and telecommunication equipment of others and has obtained federal registration for the SWITCH Marks for various goods and services, including but not limited to:

    (a)   SWITCH COMMUNICATIONS GROUP for providing telecommunications connections to a global computer network and colocation services (U.S. Reg. No. 3,229,168);

    (b)   SWITCH T-SCIF for providing telecommunications connections to the internet and colocation services (U.S. Reg. No. 3,547,908);

    (c)   SWITCH WDMD for colocation services (U.S. Reg. No. 3,540,816),

    (d)   SWITCHNAP for providing telecommunications to the internet and colocation services (U.S. Reg. No. 3,547,909),

    (e)   SWITCHNAP WORLD for providing telecommunications connections to the internet and colocation services (3,880,400),

    (f)   SWITCHFORCE, for security guard services, designing security systems for others, security surveillance services, guard night-watch services, alarm center services, mobile and stationary security guard services, alarm rescue services, alarm rescue services; photographic surveillance services, detective agencies; interior decoration consultation, engineering and legal counseling services; development

of bar-code systems; computer programming for others; computer software design for others, up-dating and maintenance of computer software (U.S. Reg. No. 3,942,121),

(g) SWITCHSAFE for computer disaster recovery services (U.S. Reg. No. 3,946,128),

(h) SWITCHWORKS for design and installation of computer hardware and software systems for others (U.S. Reg. No. 3,942,079),

(i) SWITCHMOD for colocation facility development services (U.S. Reg. No. 3,984,525),

(j) SWITCH L.D.C. for providing management of building operation systems; computer software and hardware for energy use management, air conditioning and energy usage monitoring and management systems (U.S. Reg. No. 3,984,524), and

(k) SWITCHMACRO-MOD for colocation facility development services (U.S. Reg. No. 3,984,966).

4. Since Switch commenced operations in November 2003, it has continuously used SWITCH and related marks in connection with advertising and promoting its services in the United States and around the world. The SWITCH name is well-known and well-respected in the data center industry, and has been covered by CNN Money, Vegas Inc., the Wall Street Journal, and CNBC, among other outlets. Switch has spent millions of dollars to advertise and promote the SWITCH marks in print, broadcast media and on the internet through the Switch website, accessible throughout the United States and around the world at <switchnap.com>.

5. Based on its federal trademark registrations and extensive use, Switch owns the exclusive right to use the SWITCH Marks in connection with telecommunication services, co-locations services, and operating facilities for computers and telecommunication equipment of others. The extensive advertising and promotion of services offered by Switch have resulted in the SWITCH name and marks being distinctive

LV 419,582,413v1 11-8-11

1 for telecommunication services, co-locations services, and operating facilities for computers
2 and telecommunication equipment of others;

3     6.    Defendant Banks has used Switch's marks as part of its Internet domain
4 name <switch.net> without Switch's authority or permission;

5     7.    Switch will suffer irreparable injury if the Court does not require the domain
6 name registrar ENOM423 INCORPORATED ("Registrar") to lock the infringing <switch.net>
7 domain name and transfer it to Switch pending litigation of this matter;

8     8.    Switch has demonstrated that it will suffer irreparable harm if a Temporary
9 Restraining Order is not entered ex parte because, immediately upon notice of suit and
10 prior to hearing, Defendant could transfer the Infringing Domain Name to another registrant
11 or registrar.  Transfer of the Infringing Domain Name to another registrant would deprive
12 the court of jurisdiction and require Switch to file additional suits to chase the Infringing
13 Domain Name to recover its intellectual property.  Transfer of the Infringing Domain Name
14 to another registrar would require Switch to expend significant effort and financial resources
15 to track the registration;

16     9.    Switch has demonstrated likelihood of success on the merits of its
17 cybersquatting claims against Defendant under the Lanham Act, 15 U.S.C. § 1125(d);

18     10.    Switch has demonstrated likelihood of success on the merits of its mark
19 infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, and
20 Nevada law;

21     11.    Switch has demonstrated likelihood of success on the merits of its unfair
22 competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a);

23     12.    The balance of hardships tips in favor of Switch because issuance of the
24 restraining order and injunction would merely lock and transfer the domain name to Switch
25 pending trial, and failure to issue the restraining order and injunction would cause Switch to
26 suffer irreparable injury to its name and marks and the associated goodwill if Defendant is
27 not enjoined from registering, maintaining the registration on or using domain names
28 containing Switch's marks or marks confusingly similar to Switch's name and marks;

13. There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: Switch's *ex parte* Application for Temporary Restraining Order is hereby GRANTED;

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain name <switch.net> shall be immediately locked by the Registrar and/or its successor registrars.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Switch's name and trademarks and any and all variants thereof, including use of the Infringing Domain Name.

///

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing use of the Infringing Domain Name.

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Switch within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with this Court's Order; and

IT IS FURTHER ORDERED that Switch shall post a nominal bond of $ 100.00          for each domain name at issue because the evidence indicates that Defendant will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

### ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of Switch's Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file *in* this matter and for good cause shown;

1. The Court hereby sets the hearing for Plaintiff's Motion for Preliminary Injunction on **Thursday, November 17, 2011 at hour of 11:00 a.m. in Courtroom 6D** of the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2. Further, the Court hereby sets the following briefing schedule relating to Plaintiff's Motion:

   (a) Defendant shall file and serve opposition papers, if any, no later than **5:00 p.m. on Tuesday, November 15, 2011**.

   (b) Plaintiff shall file and serve its reply brief, if any, no later than **5:00 p.m. on Wednesday, November 16, 2011**.

3. In addition, to ensure Defendant received timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Switch **shall** in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on **Defendant by electronic transmission not later than 5:00 p.m. on Friday, November 11, 2011. Switch shall also file its proof of service of the same not later than Monday, November 14, 2011.**

**IT IS SO ORDERED** this 10th day of November, 2011.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted by:

DATED: ___9th___ day of November, 2011

GREENBERG TRAURIG, LLP

_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 4North
Las Vegas, Nevada 89169
Counsel for Plaintiff

LV 419,582,413v1 11-8-11