Lauri S. Thompson (Bar No. 6846)
Laraine Burrell (Bar No. 8771)
Shauna Welsh (Bar No. 11320)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Switch Communications Group LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Switch Communications Group, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>Dorian Banks, an individual,<br><br>Defendant. | Case No.: 2:11-cv-01810-GMN-VCF<br><br>**AMENDED ORDER GRANTING PRELIMINARY INJUNCTION** |

This matter having come before the Honorable Gloria M. Navarro on November 17, 2011, Laraine M. I. Burrell, of the Law firm of Greenberg Traurig, LLP, appearing on behalf of Plaintiff Switch Communications Group, LLC. ("Switch" or "Plaintiff"), and no appearance being made on behalf of Defendant Dorian Banks ("Banks" or "Defendant"), and good cause appearing therefore, this Court hereby finds and orders as follows:

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338;

2. The Court has personal jurisdiction over the Defendant in that the Defendant regularly conducts business in the State of Nevada, and Defendant committed tortious acts that she knew or should have known would cause injury to Plaintiff in the State of Nevada;

3. Defendant was served on November 11, 2011 by electronic mail in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure and pursuant to the Order of this Court with the Complaint in this action, Summons, Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction and Temporary Restraining Order entered by this Court on November 10, 2011;

4. Plaintiff, in compliance with the Order of this Court, filed a bond in the amount of One Hundred and No/100 Dollars ($100.00) on November 15, 2011.

5. Switch has made extensive use of the SWITCH Marks for providing telecommunication services, co-locations services, and operating facilities for computers and telecommunication equipment of others and has obtained federal registration for the SWITCH Marks for various goods and services, including but not limited to:

    (a) SWITCH COMMUNICATIONS GROUP for providing telecommunications connections to a global computer network and colocation services (U.S. Reg. No. 3,229,168);

    (b) SWITCH T-SCIF for providing telecommunications connections to the internet and colocation services (U.S. Reg. No. 3,547,908),

    (c) SWITCH WDMD for colocation services (U.S. Reg. No. 3,540,816),

    (d) SWITCHNAP for providing telecommunications to the internet and colocation services (U.S. Reg. No. 3,547,909),

    (e) SWITCHNAP WORLD for providing telecommunications connections to the internet and colocation services (3,880,400),

    (f) SWITCHFORCE, for security guard services, designing security systems for others, security surveillance services, guard night-watch services, alarm center services, mobile and stationary security guard services, alarm rescue services, alarm rescue services; photographic surveillance services, detective agencies; interior decoration consultation, engineering and legal counseling services; development of bar-code systems; computer programming for others; computer software design for others, up-dating and maintenance of computer

software (U.S. Reg. No. 3,942,121),

(g) SWITCHSAFE for computer disaster recovery services (U.S. Reg. No. 3,946,128),

(h) SWITCHWORKS for design and installation of computer hardware and software systems for others (U.S. Reg. No. 3,942,079),

(i) SWITCHMOD for colocation facility development services (U.S. Reg. No. 3,984,525),

(j) SWITCH L.D.C. for providing management of building operation systems; computer software and hardware for energy use management, air conditioning and energy usage monitoring and management systems (U.S. Reg. No. 3,984,524), and

(k) SWITCHMACRO-MOD for colocation facility development services (U.S. Reg. No. 3,984,966).

6. Since Switch commenced operations in November 2003, it has continuously used SWITCH and related marks in connection with advertising and promoting its services in the United States and around the world. The SWITCH name is well-known and well-respected in the data center industry, and has been covered by CNN Money, Vegas Inc., the Wall Street Journal, and CNBC, among other outlets. Switch has spent millions of dollars to advertise and promote the SWITCH marks in print, broadcast media and on the internet through the Switch website, accessible throughout the United States and around the world at <switchnap.com>.

7. Based on its federal trademark registrations and extensive use, Switch owns the exclusive right to use the SWITCH Marks in connection with telecommunication services, co-locations services, and operating facilities for computers and telecommunication equipment of others. The extensive advertising and promotion of services offered by Switch have resulted in the SWITCH name and marks being distinctive for telecommunication services, co-locations services, and operating facilities for computers and telecommunication equipment of others;

8. Defendant Banks has used Switch's marks as part of its Internet domain name <switch.net> without Switch's authority or permission;

9. Switch will suffer irreparable injury if the Court does not require the domain name registrar ENOM423 INCORPORATED ("Registrar") to lock the infringing <switch.net> domain name and transfer it to Switch pending litigation of this matter;

10. Plaintiff has demonstrated likelihood of success on the merits of its mark infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, and Nevada law; and

11. Plaintiff has demonstrated likelihood of success on the merits of its unfair competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Switch's Motion for Preliminary Injunction is hereby GRANTED.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1), the Registrar, Enom, and/or its successor registrars shall remove the Registrar lock and transfer the domain name <www.switch.net> to the Plaintiff's Enom account. The confidential account information will be provided to Enom by email from Plaintiff's counsel Greenberg Traurig, LLP.

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing use of the Infringing Domain Name.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Plaintiff's name and trademarks and any and all variants thereof, including use of the Infringing Domain Names and any and all variants thereof;

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Plaintiff within thirty (30) days after entry of this Order, a report in writing under oath setting in detail the manner and form in which Defendant has complied with this Court's Order; and

. . .

. . .

IT IS FURTHER ORDERED that the bond posted with this Court in the amount of One Hundred and no/100 Dollars ($100.00) shall be applied to this preliminary injunction.

**IT IS SO ORDERED** this 6th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted by:

DATED: this 5th day of December, 2011

GREENBERG TRAURIG, LLP

_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway Suite 4North
Las Vegas, Nevada 89169
Counsel for Plaintiff